## STATE COURT OF APPEALS—Continued

No. 717

METROP. SECURITIES CO. v. WALES et

Ohio Appeals, 9th Dist., Summit County
No. 634.   Decided Nov. 26, 1923

225.   CHARGE TO JURY—1. Special request held properly refused where matter contained therein was ruled out of court.

2. Special request as to makers' statements regarding paying endorsers cash for note after endoresments held properly refused.

3. Party not entitled to special charge on matters not in issue.

4. No error held to exist in general charge of court.

FUNK, P. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Metropolitan Securities Co. brought an action against A. G. Wales and Anna Wales as endorsers upon three cognovit notes upon which judgments were obtained on warrant of attorney not only against the original makers of the notes, but against the endorsers also.   Later separate actions were brought by the defendants, A. G. Wales and Anna Wales, after the term of court, to set aside these default judgments and they were set aside. The defendants then answered that there was a want of consideration and that the endorsements were obtained through false representations and by fraud in that they were to receive $5,000 in cash which they never received.

At the close of the evidence, the court refused to give a request which in substance was that if the jury found that the endorsements of Mrs. Wales on these notes were given as security for Mr. Wales on his accounts with plaintiff, then defendant could not have any defense of want of consideration for said endorsements, although plaintiff may have promised to pay a sum in cash to Mrs. Wales and it knew that she intended to use such sum for her own purpose.   As the court eliminated the defenes of want of consideration, the court refused to give this request.

Another request of plaintiff in substance asked the court to charge that any statements made in regard to paying cash for the notes, after the notes had been endorsed and delivered, were immaterial and did not constitute a defense.   As the defendants made no such claim, the court refused this request.

The plaintiff also requested the court to charge that if plaintiff made a promise to pay the cash within ten days in good faith, and with the intention of keeping such promise at the time it was made, then there was no fraud on the part of the plaintiff, even though he did not keep the promise.   The court held that as there was no proper allegation in the answer which would constitute the defense of fraud and no attempt to prove fraud, the request was improper.   The jury rendered a verdict for the defendants, whereupon plaintiff prosecuted error.   In sustaining the judgment of the lower court, the Court of Appeals held:

1. Motions or petitions to vacate a judgment after the term as provided in 11631 GC. should all be filed in the original action except under the first cause enumerated in 11631 GC.

2. As the court eliminated the defense of want of consideration, no error was committed by it in refusing to give a special request on that question.

3. Where no claim was made that an agreement to pay cash was made after the day the endorsement was given, no error was committed by the court in refusing to charge on that point.

4. As there was no allegation of fraud in the answer of the defendants, no error was committed by the court in refusing to give a special charge on that point.

5. No error was committed in the court's general charge.

Attorneys—Herberich, Burroughs & Bailey and B. A. Kittinger, for Securities Co.; Carl M. Myers and Donald Gottwald, for Wales et al.